IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. WOOLMAN, | ) | 4:12CV3154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LINCOLN REGIONAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on July 27, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on July 27, 2012, against the Lincoln Regional Center. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are extremely difficult to decipher. As best as the court can tell, Plaintiff alleges that individuals associated with the Lincoln Regional Center moved in next door to him and began "harassing" him. (*Id.* at CM/ECF p. 2.) Plaintiff alleges that these individuals "really are loco" because they tampered with his contact lenses, "pump[ed]" "tear gas and Nerve gas" into his apartment, put a "death smell" in his apartment, and caused him to get something similar to "The Asian Malaria" and/or "dysentery." (*Id.* at CM/ECF pp. 2-3, 6.) Plaintiff alleges that these actions caused him to have a stroke. (*Id.* at CM/ECF p. 3.) Plaintiff requests that the court "make [these individuals] move away" from him. (*Id.* at CM/ECF p. 5.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.     DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are difficult to decipher. The allegations which the court can decipher do not nudge any claim across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by Defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege that Defendants deprived him

2

of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law."  *West,* 487 U.S. at 48; *Buckley,* 997 F.2d at 495.   Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous.  *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).  This matter is therefore dismissed.

        IT IS THEREFORE ORDERED that:

        1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

        2.     A separate judgment will be entered in accordance with this Memorandum and Order.

        3.     All other pending motions are denied.

        DATED this 4th day of September, 2012.

                                BY THE COURT:

                                *s/ John M. Gerrard*
                                United States District Judge

_____

        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3